**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JORGE EDUARDO PACHECO CASTILLO,

Petitioner,

v.

Case No. 1:26-cv-02201-MIS-LF

MARKWAYNE MULLIN, in his official capacity as Secretary of the United States Department of Homeland Security; TODD BLANCHE, Acting Attorney General of the United States; DAVID J. VENTURELLA, in his official capacity as Senior Official Performing the Duties of the Director of United States Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations for the El Paso Field Office; and JEFFREY FIKES, in his official capacity as Warden of Cibola County Correctional Center,

Respondents.

**ORDER DENYING VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Jorge Eduardo Pacheco Castillo's Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed July 8, 2026. The federal Respondents filed a Response on July 23, 2026 ("Response"),[1] ECF No.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

6, to which Petitioner filed a Reply on August 5, 2026 ("Reply"), ECF No. 7. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

## I. Background

Petitioner is a citizen of Chile who was admitted to the United States on July 10, 2024, through the Visa Waiver Program as a nonimmigrant visitor with authorization to remain in the United States until October 7, 2024. See Form I-213, ECF No. 6-2 at 1-2; see also Pet. ¶ 15. Petitioner remained in the United States past the authorized period, and on October 12, 2024, filed an application for asylum. See Form I-213 at 2; Pet. ¶ 21. Petitioner received permission to work and a Social Security number, and has lived and worked in Syracuse, New York ever since. Pet. ¶¶ 23, 26.

On March 31, 2026, the U.S. Department of Homeland Security issued a Warrant for Petitioner's arrest. Warrant for Arrest of Alien, ECF No. 6-1. On April 29, 2026, federal immigration agents arrested Petitioner near his home pursuant to the Warrant for Arrest. Id.; Pet. ¶ 30. The same day, Petitioner was served a Visa Waiver Program Final Administrative Removal Order, ordering Petitioner's removal for exceeding his authorized stay under the Visa Waiver Program. ECF No. 6-3. Petitioner has been in immigration detention ever since, and is currently detained at the Cibola County Correctional Center in Milan, New Mexico. Pet. ¶¶ 42-43.

On June 24, 2026, Petitioner received a custody redetermination hearing where an Immigration Judge denied him bond on the following grounds: "The Respondent is listed as 'Asylum Only' and the court lacks jurisdiction to issue a bond in his case. Additionally, the Respondent failed to identify a sponsor or any evidence to support US ties, criminal history, or likelihood of relief." Order of the Immigration Judge, ECF No. 6-4.

On July 8, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Respondents filed a Response, ECF No. 6, to which Petitioner filed a Reply, ECF No. 7.

On August 19, 2026, an Immigration Judge denied Petitioner's application for asylum. Notice of Status of Immigration Proceedings, ECF No. 8.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that he is subject to discretionary detention under 8 U.S.C. § 1226(a). Pet. ¶¶ 56, 59. He argues that his arrest and detention violate his procedural and substantive due process rights under the Fifth Amendment, 8 U.S.C. § 1357(a)(2), the Fourth Amendment, the Accardi doctrine, and the Immigration and Nationality Act, 8 U.S.C. § 1187. Id. ¶¶ 60-61, 65-74.

Respondents note that Petitioner was arrested pursuant to a warrant and is removable because he exceeded his authorized stay under the Visa Waiver Program. Resp. at 2-4. They argue that his detention during removal proceedings is lawful, he has received due process under Section 1226(a), and he has failed to exhaust his administrative remedies. Id. at 4-7.

In his Reply, Petitioner argues that "[t]he doctrine of prudential exhaustion does not favor requiring Mr. Pacheco Castillo to pursue any further administrative remedies prior to seeking relief in habeas" because "[i]t is futile for Visa Waiver Program (VWP) participants in asylum-only proceedings to request a bond hearing before an Immigration Judge, because their procedural posture bars an Immigration Judge from having jurisdiction over a custody redetermination request." ECF No. 7 at 1 (citing 8 C.F.R. § 217.4(b), Matter of A-W-, 25 I&N Dec. 45, 47 (BIA 2009)). He appears to argue that the Immigration Judge's alternative, non-jurisdictional findings on the merits of his custody redetermination request are of no consequence. Id. at 2-3. He continues to argue that he is entitled to a bond hearing pursuant to Section 1226(a). Id. at 3-10.

Petitioner's entire argument is based on the incorrect premise that he was arrested without a warrant, id. ¶ 63, and that the Immigration Judge denied him bond solely because he lacked jurisdiction to grant bond, id. ¶ 47. However, Petitioner was arrested pursuant to a Warrant for Arrest of Alien a year-and-a-half after his authorized stay expired. ECF No. 6-1. And the Immigration Judge held a custody redetermination hearing. ECF No. 6-4. Although the Immigration Judge found that he lacked jurisdiction to grant bond,[2] id., he also made findings indicating that, in any event, Petitioner failed to carry his burden of establishing that he was not

[2] The Immigration Judge held the custody redetermination hearing on June 24, 2026—six days before the Tenth Circuit issued its opinion in Santillan Quiroz v. Mullin, holding that "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th 1226, 1237 (10th Cir. 2026).

dangerous or a flight risk, id. ("Additionally, the Respondent failed to identify a sponsor or any evidence to support US ties, criminal history, or likelihood of relief."). The Due Process Clause is satisfied when a noncitizen detained under 8 U.S.C. § 1226(a) receives an adequate bond hearing. Jiminez Lopez v. Warden, Case No. 1:26-cv-01259-MIS-LF, 2026 WL 1215047, at *3 (D.N.M. May 4, 2026); Chacin Acurero v. Castro, Case No. 2:26-cv-00565-MIS-JFR, 2026 WL 1180219, at *3 (D.N.M. Apr. 30, 2026); Palacios Rodriguez v. Mullin, Case No. 2:26-cv-01179-MIS-KK, 2026 WL 1164820, at *2 (D.N.M. Apr. 29, 2026); see also Barry v. Lyons, Case No. 1:26-cv-00504-KWR-KRS, 2026 WL 926218, at *7 (D.N.M. Apr. 6, 2026) ("[T]he Court finds that a bond hearing pursuant to § 1226(a) provides Petitioner with the process he is due."); Montero Cordova v. Noem, Case No. 1:26-cv-00526-KWR-DLM, 2026 WL 867689, at *6 (D.N.M. Mar. 30, 2026) ("The Court finds that due process affords Petitioner a bond hearing under § 1226(a), and the hearing need not occur prior to his re-detention."). There is no evidence that Petitioner's bond hearing was inadequate.

To the extent that Petitioner argues that the June 24, 2026 bond hearing was inadequate because the Immigration Judge issued his flight risk and dangerous findings on an alternative basis, the Court is not persuaded. As another court has explained with regard to an Immigration Judge's alternative finding that a noncitizen was a flight risk:

> There is no reason to discount the Immigration Judge's risk-of-flight holding because it was handed down on an in-the-alternative basis. In-the-alternative holdings are understood as providing, on their own, a sufficient foundation for a court's ruling. See Phila. Marine Trade Ass'n-Int'l Longshoremen's Ass'n Pension Fund v. Comm'r, 523 F.3d 140, 147 n.5 (3d Cir. 2008) (quoting Woods v. Interstate Realty Co., 337 U.S. 535, 537 (1949)).[3]

[3] This is why, for example, an in-the-alternative holding can have a preclusive effect. See, e.g., Anderson v. Comm'r, 698 F.3d 160, 165 (3d Cir. 2012) ("all 'independently sufficient alternative findings should be given preclusive effect' "); 18 Wright & Miller's Federal Practice & Procedure § 4421 & n.27 (3d ed. 2025) (noting that extending issue preclusive effect to

> Therefore, the Immigration Judge's in-the-alternative holding, that the Petitioner is a risk of flight, supplies an adequate basis for the Immigration Judge's determination that the Petitioner should remain detained.[4]

Chiquito Barzola v. Warden, No. 2:25-cv-17326 (MEF), 2025 WL 3443487, at *2 (D.N.J. Dec. 1, 2025) (footnotes in original); see also Chait v. Blanche, Case No. CIV-26-311-D, 2026 WL 915596, at *8 (W.D. Okla. Apr. 3, 2026), report and recommendation adopted, 2026 WL 1010480 (W.D. Okla. Apr. 14, 2026); Kumar v. De Anda-Ybarra, Case No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026).

The Court discerns no other basis to find that the June 24, 2026 bond hearing was inadequate. Petitioner does not argue, for example, that he was deprived of the opportunity to present evidence that he is not a flight risk or dangerous. Kumar, 2026 WL 753944, at *2 (finding that the petitioner's argument regarding the adequacy of the bond hearing was "too underdeveloped to warrant habeas relief" because, for example, the petitioner "does not indicate that he was denied the opportunity to present evidence at the bond hearing").

Consequently, the Court cannot find that Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

---

each "independently sufficient finding[ ]" is the "view with substantial support in federal decisions").

[4] That sufficient basis is also a lawful basis, because, as noted, the laws of the United States permit detention following a finding of a flight risk. See, e.g., Skinner, 2014 WL 70066, at *5.

1. Petitioner Jorge Eduardo Pacheco Castillo's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**;

2. All pending motions are **DENIED AS MOOT**; and

3. This case is now **CLOSED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE